# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 3, 2024
Lyle W. Cayce
Clerk

No. 23-10936

Travis Wayne Eubanks, *a voter of Bexar County, Texas*; Lindsey Gremont, *a voter of Travis County, Texas*; Kristen Plaisance, *a voter of Montgomery County, Texas*; Jason Scott Buster, *a voter of Bexar County, Texas*; Alexandra Campo, *a voter of Williamson County, Texas*; James L. Clark, *a voter of Hays County, Texas*; Juan Carlos Arias, *a voter and candidate of Harris County, Texas*; Jose Christine Silvester, *a voter of Comal County, Texas*; Tommie Dickinson, *a voter of Atascosa County, Texas*; Robert James Brooks, Jr., *a voter of Travis County, Texas*; Alana S. Phillips, *a voter of Denton County, Texas*; Amber Cloy, *a voter of Tarrant County, Texas*; Sheron Jennifer Lipper, *a voter of Dallas County, Texas*; Lynn Davenport, *a voter and candidate of Dallas County, Texas*; Lester Rand,

*Plaintiffs—Appellants*,

Anne Stone; Allyson Raskin,

*Appellants*,

*versus*

Jane Nelson, *Texas Secretary of State*; John B. Scott, *in his individual capacity and in his official capacity as the Texas Secretary of State*; Jose "Joe" A. Esparza, *in his individual capacity and in his official capacity as Deputy Secretary of State*; Ruth R. Hughs, *in her individual capacity and in her official capacity as 113 Texas Secretary of State*; Keith Ingram, *in his individual and official capacity as the Director of the Elections Division*; Jacquelyn Callanen, *Bexar County Elections Administrator*; Nelson Wolff, *Bexar County Judge and head of the Bexar County*

*Elections Commission*; REBECA CLAY-FLORES, *Bexar County Commissioner*; JUSTIN RODRIGUEZ, *Bexar County Commissioner*; MARIALYN BARNARD, *Bexar County Commissioner*; TOMMY CALVERT, *Bexar County Commissioner*; BOBBIE KOEPP, *Comal County clerk*; FRANK PHILLIPS, *Denton County Elections Administrator*; ANDY EADS, *Denton County Judge*; RYAN WILLIAMS, *Denton County Commissioner*; RON MARCHANT, *Denton County Commissioner*; BOBBIE J. MITCHELL, *Denton County Commissioner*; DIANNE EDMONDSON, *Denton County Commissioner*; LINA HIDALGO, *Harris County Judge*; RODNEY ELLIS, *Harris County Commissioner*; ADRIAN GARCIA, *Harris County Commissioner*; TOM S. RAMSEY, *Harris County Commissioner*; ISABEL LONGORIA, *Harris County Elections Administrator*; JENNIFER DOINOFF, *Hays County Elections Administrator*; RUBEN BECERRA, *Hays County Commissioner's Court Judge*; DEBBIE INGALSBE, *Hays County Commissioner Court*; MARK JONES, *Hays County Commissioner Court*; LON SHELL, *Hays County Commissioner Court*; WALT SMITH, *Hays County Commissioner Court*; RON MASSINGILL, *Hood County Judge and head of the Hood County Elections Commission*; MICHELE CAREW, *Elections Administrator of Hood County*; PAT DEEN, *Parker County Judge and head of Parker County Elections Commission*; CRICKETT MILLER, *Elections Administrator of Parker County*; GEORGE CONLEY, *Parker County Commissioner*; CRAIG PEACOCK, *Parker County Commissioner*; LARRY WALDEN, *Parker County Commissioner*; STEVE DUGAN, *Parker County Commissioner*; HEIDER GARCIA, *Tarrant County Elections Administrator*; R. JACK CAGLE, *Harris County Commissioner*; ROY CHARLES BROOKS, *Tarrant County Commissioner*; DEVAN ALLEN, *Tarrant County Commissioner*; GARY FICKES, *Tarrant County Commissioner*; ANDREW STEVEN BROWN, *Travis County Judge*; DANA DEBEAUVOIR, *Former Travis County Clerk*; REBECCA GUERRERO, *Travis County Clerk*; BILL GRAVELL, *Williamson County Judge*; CHRISTOPHER DAVIS, *Williamson County Elections Administrator*; TERRY COOK, *Williamson County Commissioner*; CYNTHIA LONG, *Williamson County Commissioner*; VALERIE COVEY, *Williamson County Commissioner*; ROSS BOLES, *Williamson County Commissioner*; SUZIE HARVEY, *Montgomery County Elections Administrator*; ROBERT C. WALKER, *Montgomery County Commissioner*; CHARLIE RILEY, *Montgomery County Commissioner*; JAMES NOACK, *Montgomery County Commissioner*; JAMES METTS, *Montgomery County Commissioner*; J. D. JOHNSON, *Tarrant County Commissioner*; SUSAN FLETCHER, *Collin*

*County Commissioner*; DARRELL HALE, *Collin County Commissioner*; CHRIS HILL, *Collin County Judge*; CHERYL WILLIAMS, *Collin County Commissioner*; DUNCAN WEBB, *Collin County Commissioner*; BRUCE SHERBET, *Collin County Elections Administrator*; MARK KEOUGH, *Montgomery County Judge*; SARAH ECKHARDT, *Former Travis County Judge, Current State Senator D-14*; B. GLEN WHITLEY, *Tarrant County Judge*; CYNTHIA JAQUA, *Comal County Elections Coordinator*; CLIFFORD TATUM,

*Defendants—Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-576

_____

Before SMITH, HAYNES, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

A large group of pro se Plaintiffs sued dozens of state and county officials in Texas challenging the use of electronic voting machines. The district court dismissed on the basis that Plaintiffs lack standing. For the reasons that follow, we AFFIRM.[1]

## I.   Background

Over twenty pro se Plaintiffs collectively sued over sixty Defendants, all of whom are state and county officials in Texas. Plaintiffs characterize their 163-page lawsuit as "a civil rights action for declaratory and injunctive relief to prohibit the use of electronic voting equipment and systems (machines) in the State of Texas." They seek an order requiring the use of

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] Because we affirm the dismissal for lack of standing, we need not address Plaintiffs' additional arguments.

"hand-marked paper ballots that can be cast with anonymity . . . and hand-counted by residents of the state of Texas . . . instead of with machines."

Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6). The district court accepted the findings, conclusions, and recommendations of the magistrate judge to the extent the magistrate judge recommended dismissal for lack of standing under Rule 12(b)(1). But the district court sustained Plaintiffs' objection to the magistrate judge's recommendation of a dismissal *with* prejudice and instead dismissed the lawsuit without prejudice. Plaintiffs timely appealed.

## II.    Standard of Review

We review de novo the grant of a motion to dismiss, applying the same standards as the district court. *LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005). "When a motion to dismiss for lack of jurisdiction is filed in conjunction with other Rule 12 motions, [we] consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). On a Rule 12(b)(1) motion to dismiss, the party asserting jurisdiction bears the burden of proving that jurisdiction exists. *Id.*

## III.    Discussion

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Id.* (internal quotation marks and citation omitted). To establish standing, Plaintiffs "must show (i) that [they] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant[s]; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

No. 23-10936

Plaintiffs contend that they have individually "experienced their own unique injury as a result of the noncompliant, uncertified electronic voting equipment and systems."[2] In a section of their second amended complaint titled "Standing," Plaintiffs list two injuries that allegedly confer standing. The first injury is "that their votes were not counted as intended and diluted." The second is that "the release of combined private and personal information to [the Department of Homeland Security] and CIS Security[3] and their third-party partners, that appears in Texas' voter data; has been and will continue to be released."

We addressed a substantially similar pro se challenge to electronic voting systems in *Lutostanski v. Brown*, 88 F.4th 582 (5th Cir. 2023) (summarizing plaintiffs' alleged injuries as: "(A) their votes were 'illegalized' by the defendants and not counted, and (B) their personal information was unlawfully disclosed"). We held that "[n]either injury is sufficient for Article III standing." *Id.* at 586.

Like the plaintiffs in *Lutostanski*, Plaintiffs here do not allege that their votes have or will be treated differently from other votes, but that all voters across the state who use electronic voting machines are at risk of having their votes not counted as intended. *Id.* (concluding that a substantially similar alleged injury does not confer standing). Such an injury does not confer standing because a plaintiff who raises only a "generally available grievance about government—claiming only harm to his and every citizen's interest in

---

[2] Plaintiff Travis Wayne Eubanks, who filed a separate appellate brief, addresses standing only minimally. To the extent his standing arguments differ from the other Plaintiffs' standing arguments, they were neither presented to the district court nor included in the second amended complaint, so we need not consider them. *See Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 n.2 (5th Cir. 2023) ("[E]ven a pro se appellant cannot raise new theories for relief for the first time on appeal." (italics omitted)).

[3] Plaintiffs do not further identify this entity.

proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) (quotation omitted). Nor does Plaintiffs' allegation that the electronic voting machines at issue are illegal. *See id.* at 442 (stating that broad allegations that the law "has not been followed" are "precisely the kind of undifferentiated, generalized grievance about the conduct of the government that we have refused to countenance in the past"); *Lutostanski*, 88 F.4th at 586 (quoting same).

Plaintiffs' second theory of standing, which stems from the alleged disclosure of their personal information, fares no better. The "Standing" section of their second amended complaint states:

> Plaintiffs have information and belief that the release of combined private and personal information to [the Department of Homeland Security] and CIS Security and their third-party partners, that appears in Texas' voter data; has been and will continue to be released. Exposing Plaintiffs to intimidation or harassment for merely exercising their right to vote, and will cause apprehension in their exercise of First Amendment rights including the right to vote and freedom of association. Plaintiffs believe that the release of their private and personal combination of information make them easy to identify and thus susceptible to harassment.

Like Plaintiffs' first alleged injury, this alleged injury constitutes an "undifferentiated, generalized grievance" that is not particular to them. *See Lance*, 549 U.S. at 442. It is also too "speculative" to provide a basis for standing. *See Clapper*, 568 U.S. at 409; *cf. Lutostanski*, 88 F.4th 587. The Supreme Court has "repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible*

future injury are not sufficient." *Clapper*, 568 U.S. at 409 (internal quotation marks, citation, and alteration omitted).

Finally, Plaintiffs argue that because several Plaintiffs ran for office and one is currently holding office, they have standing on that basis. The district court rejected this theory of standing because allegations of candidate-specific injuries "appear[] nowhere" in Plaintiffs' second amended complaint. On appeal, Plaintiffs do not explain how the district court erred on this point, cite to allegations in their second amended complaint to refute the district court's conclusion, or direct us to any relevant caselaw to support their position. We therefore hold that Plaintiffs have forfeited this argument by failing to adequately brief it. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 n.1 (5th Cir. 2021) (explaining the numerous ways a party can forfeit an argument by failing to adequately brief it, including "failure to address the district court's analysis and explain how it erred," "failure to offer record citations," and "failure to offer any supporting argument or citation to authority" (internal quotation marks and citations omitted)); *see also Hotze v. Hudspeth*, 16 F.4th 1121, 1124 (5th Cir. 2021) (holding plaintiffs forfeited candidate-standing argument by failing to meaningfully brief it).[4]

---

[4] "Although we liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se parties must still brief the issues and reasonably comply with the standards of [Federal] Rule [of Appellate Procedure] 28." *Grant v. Ceullar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

No. 23-10936

## IV.   Conclusion

In sum, Plaintiffs have failed to demonstrate standing. Accordingly, we AFFIRM the district court's order dismissing the lawsuit without prejudice.